# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DORIS ALICIA FUENTES CHAVEZ,**

    **Plaintiff,**

**v.**                                                  Case No: 6:18-cv-1045-Orl-31DCI

**DEPUTY DIRECTOR AND SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, SUPERVISORY DETENTION AND DEPORATION OFFICER FOR U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, MIAMI FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, SECRETARY OF HOMELAND SECURITY, U.S. DEPARTMENT OF HOMELAND SECURITY, ATTORNEY GENERAL OF THE UNITED STATES and U.S. DEPARTMENT OF JUSTICE,**

    **Defendants.**

## ORDER

This Matter comes before the Court on the Emergency Motion for Temporary Restraining Order (Doc. 2) filed July 3, 2018, and the Response filed by the Defendants (Doc. 5) on July 9, 2018.

**I.    Facts and Procedural Background**

The Plaintiff is a forty-six-year-old Honduran national. Doc. 1 ¶ 1. The Plaintiff entered the United States in 1998 on a Visitor Visa. Since then, she has continued to live and work in the United States. She received an order of deportation in 2014. *Id.* ¶ 9. On December 1, 2016, the order of

deportation became final. *Id.* ¶ 25. Until recently, the Plaintiff has been permitted to remain in the United States, due to her grave health condition. *Id.* ¶ 2. The medical treatment necessary to save her life is not available in Honduras. *Id.* ¶ 5.

On or about April 2, 2018, the Plaintiff filed an application for a Stay of Removal with ICE. Doc. 1 ¶ 2. On or about May 4, 2018, the Plaintiff applied for Humanitarian Parole. Doc. 1 ¶ 2. Both applications remain pending. Doc. 1 ¶ 2. However, the Plaintiff was allegedly informed that she would be deported on July 10, 2018. Doc. 1 ¶ 2. The Plaintiff challenges, on due process grounds, the failure to timely adjudicate her applications for a stay of removal and for humanitarian parole prior to her deportation. The Plaintiff filed a Motion for Temporary Restraining Order on July 3, 2018. Additionally, the Plaintiff filed a Proof of Service on July 6, 2018. Doc. 4. The Defendants filed a Response on July 9, 2018. Doc. 5.

## II. Legal Standards

To warrant a Temporary Restraining Order ("TRO") Plaintiff must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citing *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). *See also Hammock ex rel. Hammock v. Keys et al.*, 93 F. Supp. 2d 1222, 1226–1227 (S.D. Ala. 2000). The standard for a preliminary injunction also applies to a request for a temporary restraining order. *Morgan Stanley DW, Inc., v. Frisby*, 163 F. Supp. 2d 1371, 1374 (N.D. Ga. 2001) (citing *Ingram*, 50 F. 3d at 900). A TRO is an extraordinary remedy, and is not warranted unless the Plaintiff has clearly met the four required elements. *C.f., McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Northeastern Fl. Chapter of the Ass'n of Gen. Contractors of Am. v. City of*

*Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990). Finally, the Court may only issue a temporary restraining order if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. Fed. R. Civ. P. 65(c).

**III. Analysis**

The Plaintiff first argues that, under the Fifth Amendment Due Process Clause, she "has a right to fair proceeding before she is removed from the country." Doc. 2 at 2. According to the Verified Complaint, the Plaintiff suffers from a very serious medical condition; she did not suffer from this condition at the time the Removal Order was entered. Doc. 1 ¶ 32. Thus, she has not had an opportunity to have her claims heard (as they relate to her current medical condition) at a meaningful time and in a meaningful manner. Doc. 2 at 2. The Plaintiff also argues that her prospective detention violates her due process rights, as any such detention bears no reasonable relationship to the Government's purposes, which are effectuating removal and protecting against danger. Doc. 2 at 3. Accordingly, the Plaintiff contends that she is entitled to an individualized determination to assess whether her prospective detention is justified. Doc. 2 at 3.

As a threshold matter, the Defendants argue that the Court lacks subject matter jurisdiction to review the Plaintiff's claim, as the Plaintiff's "current challenge . . . is precluded by 8 U.S.C. § 1252(g)." Resp. at 3. Section 1252(g) states that "Except as provided in this section and notwithstanding any other provision of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Here, the Plaintiff has not brought a claim asking the Court to review action or a decision by the Attorney General. On the contrary, the Plaintiff asks the Court to prevent removal due to

inaction: a failure to make a decision on her pending applications. The Sixth Circuit case cited by the Defendants is distinguishable from the facts here; in that case, the Attorney General had denied plaintiff's request for a stay of removal. *See Moussa v. Jenifer*, 389 F.3d 550, 554 (6th Cir. 2004). The Plaintiff's claim here falls outside the reach of § 1252(g). *Cf. Ping Ping Zhou v. Kane*, No. cv07-0785-PHXDGCECV, 2007 WL 1559938, at *3 (D. Ariz. May 29, 2007).

The Defendants' Response states that the Plaintiff will not be detained on July 10, 2018, but instead will be given a new report date, due to her pending Application for Stay. Doc. 5 at 6. This is supported by an email attached to the Response as Exhibit 1. Because the Defendants concede that removal will not be executed until the Plaintiff's pending I-246 Application is ruled-upon, the instant Motion is moot.[1]

**IV. Conclusion**

In consideration of the foregoing, it is hereby

**ORDERED** that the Emergency Motion for Temporary Restraining Order (Doc. 2) is **DENIED** as **MOOT.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 9, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] The Court notes that the Plaintiff's Application for Humanitarian Parole is also pending and should be resolved prior to execution of the deportation order.